RECEIVED
IN ALEXANDRIA, LA.
OCT 20 2011
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

**BRIAN KEITH REDMOND (#366052)**          DOCKET NO. 11-CV-784; SEC. P

**VERSUS**                                 JUDGE DEE D. DRELL

**LOUISIANA WORKFORCE LLC, ET AL.**        MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

Plaintiff Brian Keith Redmond filed the instant civil rights complaint (42 U.S.C. §1983) pro se and *in forma pauperis*. At the time of filing, Plaintiff was an inmate in the custody of Louisiana's Department of Corrections (DOC) incarcerated at Winn Correctional Center. It appears that he has since been released. [Doc. #6] Plaintiff named as defendants: Louisiana Workforce LLC, its staff, and the warden in Houma, where Plaintiff was working. Plaintiff complained that he was injured on the job while participating in a work-release program, was subsequently denied medical care, and was forced out of the work-release program due to his injuries.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

## FACTUAL BACKGROUND

Plaintiff alleges that Louisiana Workforce LLC secured a position for him as a welder at Bollinger Shipyard in Larose, La. Plaintiff states that he had to first pass a welding test prior to securing employment. [Doc. #6, p.2] Plaintiff claims that he failed

the basic welding test, and that Officer Donnie Verdin was aware of the failure and Plaintiff's lack of qualifications. On November 28, 2011, despite knowing that Plaintiff failed the test, Officer Verdin secured a welding position for Plaintiff with Global Oilfield Contractors. Global did not test Plaintiff. While working on December 16, 2010, a scaffold gave way, and Plaintiff fell approximately ten feet into water. He was transported to the company physician and prescribed naproxen and aspirin for injuries to his neck, back, and shoulders. [Doc. #1, p. 4-5; Doc. #6, p.3]

On December 20, 2010, Plaintiff made an emergency sick call due to severe pain. He was transported to a private physician and diagnosed with cervical strain and back spasms. Plaintiff was prescribed tramadol, cyclobenzaprine, naproxen, and omeprazole. Doc. #6, p.4]

Shortly thereafter, Plaintiff was called to the warden's office and explained that it was his decision whether he return to work or take a medical transfer to Hunt Correctional. The warden explained that Plaintiff could not stay at the work-release facility if he was not working. [Doc. #6, p.6] Plaintiff stated that he was still injured, so he was transferred to Hunt Correctional. Plaintiff complains that he had a doctor's appointment scheduled on or around December 30, 2010, and he was transferred on the 28th. He believes that he should have been allowed to stay at work-release from the date of the injury through

2

his follow up appointment. Plaintiff states that the transfer not only denied him of medical care, but also deprived him of the ability to seek workers' compensation benefits.

## Law and Analysis

### 1. Section 1983

To state a claim under §1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States **and** (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. See Victoria W. v. Larpenter, 369 F.3d 475, 482 (5th Cir. 2004). A plaintiff must also identify defendants who were personally involved or whose acts are causally connected to the alleged constitutional violation. See Roberts v. City of Shreveport, 397 F.3d 287, 292 (5th Cir. 1995). A non-state actor may be held liable under §1983 when the conduct challenged as the basis of the constitutional deprivation constitutes a state action under color of law. Priester v. Lowndes County, 354 F.3d 414, 420 (5th Cir. 2004).

### 2. "Staff" as defendant

To the extent that Plaintiff seeks to sue the "staff of Louisiana Workforce LLC", his claim should be dismissed. The "staff" is not a proper party defendant. It is not a distinct legal entity, nor is it a "person" for purposes of Section 1983. Thus it is incapable of standing in judgment pursuant to either 42

U.S.C. §1983 or Fed.R.Civ.P. 17. See e.g. Rollins v. Bickham, 2006 WL 4029580, *3 (E.D.La. 2006); see also Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989); United States ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84 (3rd Cir.1969), cert. denied, 396 U.S. 1046, 90 S.Ct. 696, 24 L.Ed.2d 691 (1970)).

### 3. Louisiana Workforce, LLC as defendant

Plaintiff names as a defendant Louisiana Workforce, LLC. He claims that Louisiana Workforce was negligent and is vicariously liable for the actions of its employees. First, negligence simply does not support a Section 1983 claim. See Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993) (negligent medical care); Hare v. City of Corinth, 74 F.3d 633, 641-42, 646 (5th Cir. 1996)(negligence insufficient to support failure to protect claim under Section 1983); Jackson v. Procunier, 789 F.2d 307, 310 (5th Cir. 1986)(citing Davidson v. Cannon, 474 U.S. 344 (1986); Daniels v. Williams, 474 U.S. 327 (1986)).

Second, it is well-settled that a private corporation is *not* vicariously liable under §1983 for its employees' deprivations of others' civil rights. See Rosborough v. Mgmt. & Training Corp., 350 F.3d 459, 461 (5th Cir. 2003); Austin v. Paramount Parks, Inc., 195 F.3d 715, 728 (4th Cir. 1999); Street v. Corrections Corporation of America, 102 F.3d 810, 817-18 (6th Cir. 1996)(CCA cannot be held liable under §1983 on respondeat superior or vicarious liability basis). Rather, a private corporation is liable under §1983 only

4

when an official policy or custom of the corporation causes or is the "moving force of the constitutional violation." Id. Plaintiff's compliant specifically alleges negligence, and it is devoid of any allegations that an official policy or custom of Louisiana Workforce LLC was the "moving force" behind any deprivation of civil rights. Accordingly, Plaintiff's claim against Louisiana Workforce LLC should be dismissed.

### 4. Donnie Verdin

Plaintiff claims that the "employment coordinator" secured a welding position for Plaintiff at Global Oilfield Contractors, which did not require Plaintiff to take a welding test. Plaintiff states that he was not qualified for this position. Somehow Plaintiff links his accident to his lack of skill as a welder. However, Plaintiff fell when a scaffold collapsed. He was not injured by his welding equipment or his lack of experience. Moreover, even if Donnie Verdin is a state actor, Plaintiff has not alleged that Verdin knew or desired for a scaffold at a contracting company to give way and cause injury to Plaintiff. Plaintiff's allegation against Verdin is entirely conclusory.

### 5. Medical Care

Plaintiff claims that he was denied medical care, but he also states that he was prescribed various medications for pain and muscle spasms due to his injuries, was transferred to a medical prison facility, and saw several doctors for care. This claim is

entirely baseless and without merit.

### *Conclusion*

The Court is convinced that Plaintiff has presented the best case that could be presented by him under these circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of Plaintiff's allegations as true,

**IT IS RECOMMENDED** that Plaintiff's claim be **DENIED** and **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief can be granted under 28 U.S.C. §1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile Association</u>**, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day of October, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

7